1  JOHN L. BURRIS, ESQ. - State Bar #69888
   LAW OFFICES OF JOHN L. BURRIS
2  7677 Oakport Street, Suite 1120
   Oakland, California   94621
3  Telephone: (510) 839-5200          Fax: (510) 839-3882

   GAYLA B. LIBET, Esq. - State Bar #109173
4  LAW OFFICES OF GAYLA B. LIBET
   486 41st Street, # 3
5  Oakland, CA   94609
   Telephone and Fax:  (510) 420-0324

6  Attorneys for Plaintiff
   Lionel Jermon
7
   JOHN A. RUSSO, City Attorney - State Bar #129729
8  RANDOLPH W. HALL, Chief Assistant City Attorney - State Bar #080142
   RACHEL WAGNER., Supervising Trial Attorney - State Bar #127246
   PELAYO A. LLAMAS, JR., Deputy City Attorney - State Bar #162046
9  One Frank H. Ogawa Plaza, 6th Floor
   Oakland, California  94612
10 Telephone:  (510) 238-6621          Fax:  (510) 238-6500
   24650/372465
11
   Attorneys for Defendants
   City of Oakland, Richard Word
12 Maureen Vergara and William Burke

13                    **UNITED STATES DISTRICT COURT**

14                   **NORTHERN DISTRICT OF CALIFORNIA**

15

16 LIONEL JERMON,                          Case No.   C-05-04269-EMC

17             Plaintiff,                   **STIPULATED PROTECTIVE ORDER**

18      vs.

19 CITY OF OAKLAND, a municipal corporation;
   RICHARD WORD, in his capacity as Chief of
20 Police for the CITY OF OAKLAND; MAUREEN
   VERGARA, individually, and in her capacity as
21 an Oakland police officer; WILLIAM BURKE,
   individually, and in his capacity as an Oakland
22 police officer; and DOES 1 through 25, inclusive,

23             Defendants.

24         Plaintiff LIONEL JERMON, and his attorneys, JOHN L. BURRIS individually

25 and on behalf of The LAW OFFICES OF JOHN L. BURRIS, and GAYLA B. LIBET

26

1  individually and on behalf of The LAW OFFICES OF GAYLA B. LIBET, and Defendants

2  CITY OF OAKLAND, RICHARD WORD, in his official capacity as Chief of Police for the

3  CITY OF OAKLAND, and MAUREEN VERGARA and WILLIAM BURKE, individually and

4  in their capacities as Police Officers for the City of Oakland by and through their attorney

5  PELAYO A. LLAMAS, JR. of the Oakland City Attorney's Office, hereby stipulate to the

6  following protective order:

7                 1. DEFINITIONS

8            1.1    Party: any party to this action, including all of its officers, directors,

9  employees, consultants, retained experts, and outside counsel (and their support staff).

10            1.2    Disclosure or Discovery Material: all items or information, regardless

11  of the medium or manner generated, stored, or maintained (including, among other things,

12  testimony, transcripts, or tangible things) that are produced or generated in disclosures or

13  responses to discovery in this matter.

14            1.3    "Confidential" Information or Items:  information (regardless of how

15  generated, stored or maintained) or tangible things qualify for protection under standards

16  developed under F.R.Civ. P. 26(c).  This material includes, but is not limited to:

17                              a)    Copies of certain Oakland Police Department personnel files

18                                        for OFFICERS MAUREEN VERGARA and WILLIAM BURKE
   for a period covering the commencement date of their

19                                        respective employment with the Oakland Police Department
   through and including September 18, 2004.

20                              b)    Copies of certain internal affairs files pertaining to complaints

21                                        of use of excessive force or unnecessary force, truthfulness,
   racially motivated misconduct and wrongful arrest or detention

22                                        for OFFICERS MAUREEN VERGARA and WILLIAM BURKE
   for a period September 18, 1999 through September 18, 2004

23                                        as listed in Exhibit B hereto.

24                            c)    Any internal affairs files pertaining to the incident which is
   alleged in the complaint on file in this action.

25  ///

26

1           1.4    "Highly Confidential-Attorneys' Eyes Only" Information or Items:

2    extremely sensitive "Confidential Information or Items" whose disclosure to another Party

3    or non-party would create a substantial risk of serious injury that could not be avoided by

4    less restrictive means.

5           1.5    Receiving Party: a Party that receives Disclosure or Discovery

6    Material from a Producing Party.

7           1.6    Producing Party:  a Party or non-party that produces Disclosure or

8    Discovery Material in this action.

9           1.7.    Designating Party:  a Party or non-party that designates information or

10   items that it produces in disclosures or in responses to discovery as "Confidential" or

11   "Highly Confidential-Attorneys Eyes Only."

12          1.8.    Protected Material:  any Disclosure or Discovery Material that is

13   designated as "Confidential" or as "Highly Confidential-Attorneys' Eyes Only."

14          1.9.    Outside Counsel:  attorneys who are not employees of a Party but

15   who are retained to represent or advise a Party in this action.

16          1.10.    House Counsel:  attorneys who are employees of a Party.

17          1.11    Counsel (without qualifier): Outside Counsel and House Counsel (as

18   well as their support staffs).

19          1.12.    Expert:  a person with specialized knowledge or experience in a

20   matter pertinent to the litigation who has been retained by a Party or its Counsel to serve

21   as an expert witness or as an consultant n this action and who is not a past or a current

22   employee of a Party and who, at the time of retention, is not anticipated to become an

23   employee of a Party.  This definition includes a professional jury or trial consultant retained

24   in connection with this litigation.

25   ///

26   ///

1          1.13   Professional Vendors:  person or entities that provide litigation support

2 services (e.g., photocopying: videotaping; translating; preparing exhibits or

3 demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their

4 employees and subcontractors.

5          2.    SCOPE

6          The protections conferred by this Stipulation and Order cover not only

7 Protected Material (as defined above), but also any information copied or extracted

8 therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus

9 testimony, conversations, or presentations by parties or counsel to or in court or in other

10 settings that might reveal Protected Material.

11          3.    DURATION

12          Even after the termination of this litigation, the confidentiality obligations

13 imposed by this Order shall remain in effect until a Designating Party agrees otherwise in

14 writing or court order otherwise directs.

15          4.    DESIGNATING PROTECTED MATERIAL

16          4.1   F.R.Civ. P. 26(c).  The information sought to be protected must be

17 properly qualified for protection under F.R.Civ. P. 26(c).  Counsel shall not designate any

18 discovery material "CONFIDENTIAL" without first making a good faith determination that

19 protection is warranted.

20          4.2   Manner and Timing of Designations.  Except as otherwise provided in

21 this Order (see, e.g., second paragraph of section 4.2(a), below), or as otherwise

22 stipulated or ordered, material that qualified for protection under the Order must be clearly

23 so designated before the material is disclosed or produced.

24          Designation in conformity with this Order requires:

25          (a)    for information in documentary form (apart from transcripts of

26 depositions or other pretrial or trial proceedings), that the Producing Party affix the legend

1   "CONFIDENTIAL"  or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" at the top of

2   each page that contains protected material.

3   A Party or non-party that makes original documents or materials available for

4   inspection need not designate them for protection until after the inspecting Party has

5   indicated which material it would like copied and produced.  During the inspection and

6   before the designation, all of the material made available for inspection shall be deemed

7   "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."  After the inspecting Party has

8   identified the documents it wants copied and produced, the Producing Party must

9   determine which documents, or portions thereof, qualify for protection under this Order,

10  then, before producing the specified documents, the Producing Party must affix the

11  appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES

12  ONLY") at the top of each page that contains Protected Material.    If only a portion or

13  portions of the material on a page qualifies for protection, the Producing Party also must

14  clearly identify the protected portion(s) (e.g., by making appropriate markings in the

15  margins) and must specify, for each portion, the level of protection being asserted (either

16  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY").

17  (b)    for testimony given in deposition or in other pretrial or trial

18  proceedings,  that the Party or non-party offering or sponsoring the testimony identify on

19  the record, before the close of the deposition, hearing, or other proceeding, all protected

20  testimony, and further specify any portions of the testimony that qualify as "HIGHLY

21  CONFIDENTIAL —ATTORNEYS' EYES ONLY." When it is impractical to identify

22  separately each portion of testimony that is entitled to protection, the Party or non-party

23  that sponsors, offers, or gives the testimony may invoke on the record (before the

24  deposition or proceeding ins concluded) a right to have up to 20 days to identify the

25  specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY

26  CONFIDENTIAL—ATTORNEYS' EYES ONLY").  Only those portions of the testimony that

1  are appropriately designated for protection within the 20 days shall be covered by the

2  provisions of this Stipulated Protective Order.

3          Transcript pages containing Protected Material must be separately bound by

4  the court reporter, who must affix to the top of each such page the legend

5  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," as

6  instructed by the Party or non-party offering or sponsoring the witness or presenting the

7  testimony.

8          ( c)   for information produced in some form other than

9  documentary, and for any other tangible items, that the Producing Party affix in a

10  prominent place on the exterior of the container or containers in which the information or

11  item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS'

12  EYES ONLY."

13          4.3.   Inadvertent Failures to Designate.  If timely corrected, an inadvertent

14  failure to designate qualified information or items as "Confidential"  or "Highly

15  Confidential—Attorneys' Eyes Only" does not, standing alone, waive the Designating

16  Party's right to secure protection under this Order for such material.  If material is

17  appropriately designated as "Confidential" or "Highly Confidential—Attorneys' Eyes Only"

18  after the material was initially produced, the Receiving Party, on timely notification of the

19  designation, must make reasonable efforts to assure that the material is treated in

20  accordance with the provisions of the Order.

21          5.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

22          5.1   Timing of Challenges. Unless a proper challenge to a Designating

23  Party's confidentially designation is necessary to avoid foreseeable substantial unfairness,

24  unnecessary economic burden, or a later significant disruption or delay of the litigation, a

25  Party does not waive its right to challenge a confidentiality designation by electing not to

26  mount a challenge promptly after the original designation is disclosed.

5.2     Meet and Confer.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient)  with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chose designation.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

5.3     Judicial Intervention.  A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection tow which it is entitled under the Producing Party's designation.

6.     ACCESS TO AND USE OF PROTECTED MATERIAL

6.1     Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Said Protected

1  Material may be disclosed only to the categories of persons and under the conditions

2  described in this Order.  When the litigation has terminated, a Receiving Party must

3  comply with the provisions of section 10, below (FINAL DISPOSITION).

4  Protected Material must be stored and maintained by a Receiving Party at a

5  location and in a secure manner that ensures that access is limited to the persons

6  authorized under this Order.

7  6.2  Disclosure of "CONFIDENTIAL: Information or Items.  Unless

8  otherwise ordered by the court or permitted in writing by the Designating Party, a

9  Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

10  (a)  employees of the Receiving Party to whom disclosure is

11  reasonably necessary for this litigation and who have signed the "Agreement to Be Bound

12  by Protective Order"  (Exhibit A);

13  (b)  experts (as defined in this Order) of the Receiving Party to

14  whom disclosure is reasonably necessary for this litigation and who have signed the

15  "Agreement to Be Bound by Protective Order" (Exhibit A);

16  (c)  the Court and its personnel;

17  (d)  court reporters, their staffs, and professional venders to whom

18  disclosure is reasonably necessary for this litigation and who have signed the "Agreement

19  to Be Bound by Protective Order"  (Exhibit A);

20  (e)  during their deposition, witnesses in the action to whom

21  disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by

22  Protective Order" (Exhibit A).  Pages of transcribed deposition testimony or exhibits to

23  depositions that reveal Protected Material must be separately bound by the court reporter

24  and may not be disclosed to anyone except as permitted under this Stipulated Protective

25  Order.

26  (f)  the author the document or the original source of the

1    information.

2         6.3    Disclosure of "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES

3    ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in writing

4    by the Designating Party, Receiving Party may disclose any information or item

5    designated "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" only to:

6              (a)    Experts (as defined in this Order) (1) to whom disclosure is

7    reasonably necessary for this litigation, who have signed the "Agreement to Be Bound by

8    Protective Order" (Exhibit A);

9              (b)    the Court and it's personnel;

10             (c)    court reporters, their staffs, and professional vendors to whom

11   disclosure is reasonably necessary for this litigation and who have signed the "Agreement

12   to Be Bound by Protective Order" (Exhibit A); and

13             (d)    the author of the document or the original source of the

14   information.

15        7.    PROTECTED MATERIAL SUBPOENAED OR ORDERED

16   PRODUCED IN OTHER LITIGATION.

17        If a Receiving Party is served with a subpoena or an order issued in other

18   litigation that would compel disclosure of any information or items designated in this action

19   as "CONFIDENTIAL" or HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," the

20   Receiving Party must so notify the Designating Party, in writing (by fax, if possible)

21   immediately and in no event more than three court days after receiving the subpoena or

22   order.  Such notification must include a copy of the subpoena or court order.

23        The Receiving Party also must immediately inform in writing the Party who

24   caused the subpoena or order to issue in the other litigation that some or all the material

25   covered by the subpoena or order is the subject of this Protective Order.  In addition, the

26   Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the

Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designation Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material—and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

8.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all of the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9.   FILING PROTECTED MATERIAL.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file, in the public record in this action, any Protected material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  In addition to placing the documents in a sealed envelope with instructions that the envelope is not to be opened absent further order of the court, the envelope should be labeled to identify title of the case, the case number, and the title of the document.

10.   FINAL DISPOSITION.  Unless otherwise ordered or agreed in writing by the Producing Party, within ten days after the final termination of this action in the

District Court, each Receiving Party must return all Protected Material to the Producing Party, as used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the ten day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 3 (DURATION), above.

    11. <u>MISCELLANEOUS</u>

    <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

    12. <u>JURISDICTION.</u> The Court shall retain jurisdiction over any matter covered by this Stipulation and Order for 24 months after the final termination of this action.

///

///

**IT IS SO STIPULATED.**

1    DATED:  May 12, 2006                    LAW OFFICES OF JOHN L. BURRIS

2
                                            //s//JOHN L. BURRIS
3                                           JOHN L. BURRIS

4                                           Attorneys for Plaintiff
                                            Lionel Jermon
5
6    DATED:  May 12, 2006

7                                           LAW OFFICES OF GAYLA B. LIBET

8
                                            //s//GAYLA B. LIBET
9                                           GAYLA B. LIBET

10                                          Attorneys for Plaintiff
                                            Lionel Jermon
11
12
13   DATED:  May 12, 2006                   OFFICE OF THE CITY ATTORNEY

14
                                            By://s//PELAYO A. LLAMAS, JR.
15                                          PELAYO A. LLAMAS, JR.

16                                          Attorneys for Defendants
17                                          City of Oakland, Richard Word
                                            Maureen Vergara and William Burke
18
     **PURSUANT TO STIPULATION, IT IS SO ORDERED.**
19
             May 16, 2006
     DATED:_____
20

21

22                                          _____
                                            EDWARD M. CHEN
23                                          United States Magistrate Judge

24

25

26

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of

_____[print or type full address], declare under penalty

of perjury that I have read in its entirety and understand the Stipulated Protective Order

that was issued by the United States Court for the Northern District of California on

_____[date] in the case of <u>LIONEL JERMON v. CITY OF OAKLAND,</u>

<u>et. al.</u>, Case No. C-05-04269-EMC.   I agree to comply with and be bound by all the terms

of this Stipulated Protective Order and I understand and acknowledge that failure to so

comply could expose me to sanctions and punishment in the nature of contempt.  I

solemnly promise that I will not disclose in any manner any information or item that is

subject to this Stipulated Protective Order to any person or entity except in strict

compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District for the

Northern District of California for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this

action.

I hereby appoint_____ [print or type full

name] of _____ [print or type full address

and telephone number] as my California agent for service of process in connection with

this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date:_____

City and State where sworn and signed:_____

Printed name:_____-

Signature:_____

[signature}

EXHIBIT B

The following Oakland Police Department Personnel Department and Internal Affairs Investigations files will be produced pursuant to the protections of this Order:

| FILE NAME | BATES NUMBER | No. of Pages |
|---|---|---|
| **A-JERMON V. C/O** | | |
| **1-Burke Personnel C/O File** | | |
| 1-PF – Office of Personnel | OAK 1- OAK 52 | 52 |
| 2-PF – OPD Personnel | OAK 53 - OAK 167 | 115 |
| **1-Burke IA Files** | | |
| 1-Dotson/Spears, #02-259 | OAK 168 - OAK 228 | 61 |
| 2-Harris, Lee, #03-187 | OAK 229 - OAK 283 | 55 |
| 3-Lambert, Arrous, #04-121 | OAK 284 - OAK 363 | 80 |
| 4-King, Lisa, #04-417 | OAK 364 - OAK 410 | 47 |
| **1-Burke CPRB Files** | | |
| 1-Dotson/Spears, #02-051 | OAK 411 - OAK 634 | 224 |
| 2-King, Lisa, #04-417 | OAK 635 - OAK 673 | 39 |
| **1-Burke Training Activity** | | |
| 1-OPD Training Record | OAK 674 - OAK 678 | 5 |
| **2-Vergara Personnel C/O File** | | |
| 1-PF – Office of Personnel | OAK 679 - OAK 730 | 52 |
| 2-PF – OPD Personnel | OAK 731 - OAK 851 | 121 |
| **2-Vergara IA Files** | | |
| 1-Bushboom, Gary, #04-329 | OAK 852 - OAK 969 | 138 |
| 2-Brooks, Antonio, #04-233 | OAK 970 - OAK 1104 | 135 |
| **2-Vergara Training Activity** | | |

| 1-OPD Training Record | OAK 1105 - OAK 1108 | 4 |
|---|---|---|
| **3-Subject IA Complaint File** | | |
| 1-IA Complaint File, #05-731 | OAK 1109 - OAK 1270 | 162 |